UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **GENINE FALLON** | Case No.: 1:20-CV-1019 |
| **Plaintiff** | Judge: |
| v. | |
| **SOLOFUNDS, INC.** | |
| And | |
| **RODNEY WILLIAMS** | |
| **Defendants.** | |

## COMPLAINT

NOW COMES Plaintiff Genine Fallon ("Fallon" or "Plaintiff") and for her complaint against SoloFunds, Inc. ("SoloFunds") and Rodney Williams ("Williams") (collectively, the "Defendants") for damages and other relief for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*; discrimination and retaliation pursuant to Title VII ("Title VII"), 42 U.S.C. §2000e, *et seq.*; discrimination and retaliation pursuant to R.C. §4112 *et seq.*; Ohio minimum wage laws pursuant to R.C. §4112.02; and the Ohio Prompt Pay Act, R.C. §4113.15 as follow:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §1331 as this action is brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

2. Venue is proper in the United States District Court for the Southern District, pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district.

3. This Court has personal jurisdiction over both Defendants because 1) SoloFunds has sufficient contacts with the State of Ohio, has employees in the State of Ohio, maintains an office in the State of Ohio, is registered to do business in the State of Ohio and has a statutory agent located in the State of Ohio and 2) Rodney Williams is a resident of the State of Ohio and maintains employment in the State of Ohio.

## **PARTIES**

4. SoloFunds is a corporation organized and existing under the laws of the State of Delaware that provides loans by connecting borrowers to lenders through a SoloFunds' marketplace. SoloFunds' principal place of business is located in New York, New York.

5. SoloFunds is a foreign corporation authorized to do business in the State of Ohio.

6. SoloFunds operates and provides products and services throughout the United States.

7. SoloFunds is, and has been, an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

8. SoloFunds employs more than 15 employees with at least one employee based in Cincinnati, Ohio.

9. Upon information and belief, SoloFunds' gross annual sales made or business done exceeds any jurisdictional requirements to be subject to and determined an "employer" pursuant to the definitions set forth in the FLSA.

10. Williams is a citizen and adult resident of the State of Ohio, and maintains his personal residence in the City of Cincinnati, Ohio within Hamilton County.

11. Williams is SoloFunds' co-founder and Chairman.

12. Williams performs work and services for SoloFunds in the State of Ohio.

13. Williams possesses an ownership interest in SoloFunds.

14. Williams exercises sufficient control over significant aspects of SoloFunds' day-to-day functions, including management of employees, compensation of employees and hiring and firing of employees.

15. Williams is, and has been, an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

16. Plaintiff Genine Fallon is a citizen and adult resident of the State of Ohio and maintains her personal residence in the City of Cincinnati, Ohio within Hamilton County.

17. Fallon was an employee and worked for SoloFunds as an executive assistant to Defendant Williams from approximately January 2017 to August 2019.

## FACTUAL ALLEGATIONS

18. Plaintiff is female.

19. Plaintiff was hired to work for the CEO and President of LISNR, Inc. ("LISNR"), Rodney Williams and Eric Allen, as an executive assistant in January 2017.

20. In addition to his role at LISNR, Williams is the co-founder and Chairman of SoloFunds. Williams would work and perform services for both companies during the same period of time.

21. Beginning in January 2017 until August 2019, Plaintiff worked at the behest and direction of Williams through his capacity as an owner, founder and/or officer of LISNR and SoloFunds.

22. Plaintiff performed work and services for Williams, LISNR and SoloFunds interchangeably and during the same period of time from January 2017 to August 2019.

23. Fallon did not receive any compensation for her work and services performed for SoloFunds.

24. SoloFunds' executives dictated Plaintiff's role and dictated her daily job duties throughout her employment with SoloFunds from January 2017 to August 2019.

25. Defendant Williams, as an owner and executive for SoloFunds, hired Plaintiff, directed Plaintiff's role, schedule, and daily job duties and set Plaintiff's wages.

26. On average during any given work week, Plaintiff would work for LISNR, SoloFunds and Williams in excess of 40 hours per work week.

27. During any given work week from January 2017 to August 2019, Plaintiff could work over 40 hours for LISNR, and an additional 40 hours for SoloFunds, or a cumulative number of hours for both entities totaling between 60-80 hours per week.

28. SoloFunds and Williams knew Plaintiff was working for LISNR at the same time she was working and performing services for SoloFunds and Williams.

29. Plaintiff performed work and services for the benefit of SoloFunds and Williams.

30. Plaintiff was an executive assistant to Williams in his role as an executive for SoloFunds.

31. Plaintiff's job duties as Williams' assistant, included but were not limited to, maintaining calendars, scheduling and rescheduling appointments, scheduling flights, coordinating speaking engagements and other events, and coordinating travel.

32. Plaintiff was available to Williams 24 hours a day, 365 days a year on minimal notice subject to Williams' direct supervision and control.

33. Plaintiff was in no position to refuse Williams' requests for her to work and perform services for himself, LISNR and SoloFunds at the same time and in excess of a forty-hour work week.

34. Williams was Plaintiff's employer.

35. SoloFunds knew Plaintiff was performing work and services for Williams and for the benefit of SoloFunds.

36. SoloFunds knew Plaintiff was performing services for Williams, SoloFunds and LISNR at the same time and in excess of a forty-hour work week.

37. SoloFunds was Plaintiff's employer.

38. SoloFunds and Williams did not compensate Plaintiff or provide any benefits for any work or services performed on behalf of SoloFunds or Williams.

39. Defendants did not maintain any records of Plaintiff's work or hours worked for Defendants.

40. Plaintiff was not paid minimum wage for any hours worked for Defendants and was not paid overtime for any hours worked over 40 in a work week.

41. Plaintiff was a non-exempt employee of SoloFunds and Williams.

42. Plaintiff was required to work over 40 hours in a work week on behalf of Defendants, and Defendants were aware she worked over 40 hours in a work week.

43. Defendants knew Plaintiff was performing work for Williams and SoloFunds as well as Williams and LISNR in excess of 40 hours in a work week.

44. Defendants engaged in a scheme of requiring Plaintiff to work for Defendants at the same time as other parties which Defendants have some affiliation, then not record the hours worked and/or compensate Plaintiff for such work in order to avoid the minimum wage and overtime requirements of the FLSA.

45. Defendants acted in bad faith in failing to pay Plaintiff minimum wage compensation and/or overtime pay.

46. Defendants' failure to pay Plaintiff minimum wage compensation for all hours worked and failure to pay Plaintiff overtime pay for all hours worked over 40 in a given work week was willful.

47. Defendants did not keep or maintain accurate records of regular or overtime hours worked by Plaintiff.

48. Plaintiff complained to Defendant Williams that she had not been paid any wages or compensation of any nature, including overtime, for any hours worked on behalf of SoloFunds and Williams.

49. Plaintiff's complaint regarding Defendants' failure to pay her any compensation was ignored by Defendants and not investigated or addressed in any manner.

50. Defendant Williams repeatedly and regularly required Plaintiff to perform sexually-oriented tasks that were offensive, degrading, and uncomfortable and negatively impacted and affected Plaintiff's ability to perform her job duties.

51. Plaintiff was tasked with maintaining Williams' calendar which included managing offensive entries for sexual liaisons.

52. Plaintiff complained to Williams that she repeatedly and regularly required Plaintiff to perform sexually-oriented tasks that were offensive, degrading, and uncomfortable and negatively impacted and affected Plaintiff's ability to perform her job duties.

53. Plaintiff's complaint regarding having to repeatedly and regularly perform sexually-oriented tasks that were offensive, degrading, and uncomfortable and which negatively impacted and affected Plaintiff's ability to perform her job duties was ignored by Defendants and not investigated or addressed in any manner.

54. Defendant Williams represented he would "take care of [Plaintiff]" with increased compensation from himself, LISNR, and SoloFunds if she continued to work for himself and SoloFunds, and continued to work on sexually-oriented and offensive matters.

55. Plaintiff's compensation did not increase, and she never received any compensation as Williams had promised in exchange for her continued employment and continuing to work on sexually-oriented and offensive matters.

56. Plaintiff continued to work for Williams and SoloFunds while reporting that she had been subject to sexually-oriented, inappropriate and offensive behavior and tasks to perform in the work place. Due to Defendants' failure to address her complaints, the work environment did not improve in any manner.

57. Plaintiff threatened to quit her job because the workplace did not improve, she never received the compensation she had earned and did not receive an increase in compensation she was promised from Williams and SoloFunds for work she had been performing.

58. Instead, Defendant Williams terminated Plaintiff's employment days after she complained about Defendants failure to compensate her, demanded to be compensated by Defendants, receive the increased compensation she was promised and confronting Williams regarding his sexually-offensive behavior.

59. Plaintiff's termination is an adverse employment action.

60. Defendant Williams claimed Plaintiff's employment was terminated because she abandoned her job. However, this was false since Plaintiff continued to perform work for Defendants on the day she was terminated.

61. Defendants' reason for Plaintiff's termination is pretext for their retaliatory and discriminatory adverse employment action against Plaintiff.

62. Defendants discriminated and retaliated against Plaintiff based on her sex/gender by not offering the same benefits as several similarly situated male employees employed by the company, including, not paying Plaintiff any compensation or offering her any benefits.

63. Defendants discriminated and retaliated against Plaintiff based on her sex/gender by not offering the same benefits as several similarly situated male employees who left the company, including, not offering Plaintiff any severance or benefits.

64. Plaintiff's termination was discriminatory based upon her sex/gender and/or in retaliation against her protected complaints regarding discrimination and violations of the FLSA.

65. Plaintiff filed a charge with the Equal Employment Opportunity Commission against SoloFunds and Williams on October 2, 2019 alleging violations of Title VII for sex discrimination and retaliation which was assigned Charge No. 473-2020-00021. Plaintiff received her notice of right to sue notice for Charge No. 473-2020-00021 on October 20, 2020. A copy of Plaintiff's Charge and notice of right to sue is attached hereto as Exhibit A.

66. Due to Defendants' actions, Plaintiff has suffered damages, including economic damages, humiliation, emotional distress, and anxiety.

## COUNT I: MINIMUM WAGE AND OVERTIME VIOLATIONS
**The Fair Labor Standards Act, 29 U.S.C. §201,** *et seq.*

67. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

68. Plaintiff is an employee covered by the FLSA.

69. SoloFunds is an enterprise covered by the FLSA.

70. Defendants are employers covered by the FLSA.

71. Defendants violated the FLSA and in particular, 29 U.S.C. §206, by failing to pay Plaintiff at least minimum wage for all hours worked on behalf of Defendants and failing to pay Plaintiff time and a half her regular rate of pay as overtime pay for all hours worked over 40 in any given work week.

72. Defendants never paid Plaintiff any compensation, including minimum wage and/or time and a half for overtime hours, for her work and services performed on behalf of Defendants.

73. Defendants knew Plaintiff was performing work and services on their behalf, yet, failed to compensate Plaintiff in any way.

74. Defendants' failure to pay Plaintiff any wages for the work and services she performed on their behalf and for their benefit was willful.

75. Defendants violated the FLSA and, in particular, 29 U.S.C. §207, by misclassifying Plaintiff as an exempt employee.

76. As a result of Defendants' misclassification, Plaintiff has been deprived of all overtime wages for work and services she performed on behalf of Defendants in excess of a 40-hour work week.

77. Defendants' misclassification was willful.

78. Defendants did not act in good faith in misclassifying Plaintiff.

79. Defendants failed to keep accurate records of all hours worked by Plaintiff.

80. As a direct and proximate result of Defendants' willful violations of the FLSA and failure to pay wages and overtime wages, Plaintiff has suffered economic damages in an amount to be determined at trial, as well as interest, penalties, liquidated damages and/or attorney's fees and costs.

### COUNT II: RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, *et seq.*

81. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

82. Plaintiff complained to Defendants SoloFunds and Williams about their failure to pay her any wages and/or overtime compensation for work she was performing on their behalf.

83. Plaintiff's complaint to Defendants SoloFunds and Williams about their failure to pay her wages and overtime compensation is a protected activity.

84. Defendants did not investigate or take any action to address Plaintiff's complaint.

85. Shortly after Plaintiff made her complaint to SoloFunds and Williams about their failure to pay her wages and overtime compensation, she was terminated.

86. Plaintiff's termination was an adverse employment action.

87. Defendants' purported reason(s) for Plaintiff's termination are false and pre-textual.

88. Defendants' materially adverse employment actions against Plaintiff, including terminating her employment, occurred immediately subsequent to Plaintiff reporting and complaining about the lack of compensation in violation of the FLSA.

89. The proximity in time between Plaintiff's complaint and her termination demonstrates Defendants' retaliatory intent behind the termination.

90. Defendants violated 29 U.S.C. §218(c) by retaliating against Plaintiff when she complained about not receiving any compensation or overtime compensation in violation of the FLSA.

91. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered economic damages, loss of past and future wages and benefits, emotional distress, embarrassment, degradation, humiliation, and other forms of emotional damages, in an amount to be determined at trial, as well as attorney's fees and costs.

### COUNT III: SEX DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et seq*.

92. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

93. SoloFunds employs at least 15 employees and has employees based in Ohio.

94. Plaintiff regularly performed on behalf of and for the benefit of SoloFunds.

95. Plaintiff was an employee of SoloFunds.

96. Defendant Williams, as an executive with SoloFunds, required Plaintiff to perform extensive and regular work and services for SoloFunds to support his high-level executive and ownership position with SoloFunds.

97. Plaintiff is female/woman and a member of a statutorily protected class based on her sex/gender.

98. Defendants had notice of Plaintiff's sex/gender.

99. Defendants discriminated against Plaintiff on the basis of her sex/gender throughout her employment.

100. Defendants treated Plaintiff differently than other similarly situated employees based on her sex.

101. Plaintiff complained to Defendants about the disparate treatment Plaintiff was being subject to during her employment.

102. Defendants did nothing to mitigate the abusive working environment reported by Plaintiff.

103. Defendants retaliated against Plaintiff by terminating her and not offering the same benefits as several similarly situated male employees who left the company.

104. Plaintiff's termination was an adverse employment action.

105. Defendants' purported reason(s) for Plaintiff's termination was pre-textual.

106. Defendants actually terminated Plaintiff based on her sex and as retaliation for engaging in a protected activity.

107. Defendants violated 42 U.S.C. §2000e *et seq.* by treating Plaintiff differently from other similarly situated male employees.

108. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered economic damages, loss of past and future wages and benefits, emotional distress, embarrassment, degradation, humiliation, and other forms of emotional damages, in an amount to be determined at trial, as well as attorney's fees and costs.

### COUNT IV: SEX DISCRIMINATION/HARASSMENT IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et seq*. (Hostile Work Environment and Quid Pro Quo Harassment)

109. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

110. SoloFunds employs at least 15 employees and has employees based in Ohio.

111. Plaintiff regularly performed on behalf of and for the benefit of SoloFunds.

112. Plaintiff was an employee of SoloFunds.

113. Defendant Williams, as an executive with SoloFunds, required Plaintiff to do extensive and regular work for SoloFunds to support his high-level position with SoloFunds.

114. Plaintiff is female/woman and a member of a statutorily protected class based on her sex/gender.

115. Defendants had notice of Plaintiff's sex/gender.

116. Defendants subjected Plaintiff to severe, humiliating, offensive and unwelcome comments of a sexual nature and/or because of her sex/gender.

117. Plaintiff was subject to such severe, humiliating, offensive and unwelcome comments frequently.

118. The unwelcome comments and conduct were sufficiently severe and/or pervasive to cause Plaintiff to report the abuse and threaten to quit; thereby, affecting the terms and conditions of her employment.

119. Defendants created an abusive working environment.

120. Plaintiff complained to Defendants about the abusive working environment.

121. Defendants did nothing to investigate or mitigate the abusive working environment reported by Plaintiff.

122. Instead of correcting and mitigating the abusive working environment, Defendants promised Plaintiff money, compensation and benefits in exchange for her continuing to endure the abusive working environment.

123. Instead of correcting and mitigating the abusive working environment reported by Plaintiff, Defendants terminated Plaintiff within days of her complaints to Defendants regarding the abusive working environment

124. Plaintiff's termination was an adverse employment action.

125. Defendants' purported reason(s) for Plaintiff's termination are pre-textual.

126. Defendants actually terminated Plaintiff based on her sex/gender and as retaliation for engaging in a protected activity of complaining about an abusive working environment and a failure to pay Plaintiff additional compensation to endure the abusive working environment.

127. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damages, loss of past and future wages and benefits, emotional distress, embarrassment, degradation, humiliation, and other forms of emotional damages, in an amount to be determined at trial, as well as attorney's fees and costs.

## COUNT V: SEX DISCRIMINATION IN VIOLATION OF OHIO REVISED CODE §4112, *et seq*

128. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

129. Plaintiff is female/woman and a member of a statutorily protected class based on her sex/gender.

130. Defendants had notice of Plaintiff's sex/gender.

131. Defendants discriminated against Plaintiff on the basis of her sex/gender throughout her employment.

132. Defendants treated Plaintiff differently than other similarly situated employees based on her sex.

133. Plaintiff was not offered the same conditions and benefits of employment as several similarly situated male employees, including those who left the company.

134. Defendants violated §4112 *et seq*. by treating Plaintiff differently from other similarly situated male employees.

135. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damages, loss of past and future wages and benefits, emotional distress, embarrassment, degradation, humiliation, and other forms of emotional damages, in an amount to be determined at trial, as well as attorney's fees and costs.

### COUNT VI: SEX DISCRIMINATION/HARASSMENT IN VIOLATION OF OHIO REVISED CODE §4112 *et seq*.

136. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

137. Defendants subjected Plaintiff to severe, humiliating, offensive and unwelcome comments of a sexual nature and/or because of her sex/gender.

138. Plaintiff was subject to severe, humiliating, offensive and unwelcome comments frequently.

139. The unwelcome comments and conduct were sufficiently severe and/or pervasive to cause Plaintiff to report the abuse and threaten to quit; thereby affecting the terms and conditions of her employment.

140. Defendants created an abusive working environment.

141. Plaintiff complained to Defendants about the abusive working environment.

142. Defendants did nothing to investigate or mitigate the abusive working environment reported by Plaintiff.

143. Instead of correcting and mitigating the abusive working environment, Defendants promised Plaintiff money, compensation and benefits in exchange for her continuing to endure the abusive working environment; and then terminated Plaintiff because of her complaints.

144. Defendants violated R.C. §4112 *et seq*. by creating a hostile work environment and offering Plaintiff money to continue to endure working in a hostile work environment.

145. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damages, loss of past and future wages and benefits, emotional distress, embarrassment, degradation, humiliation, and other forms of emotional damages, in an amount to be determined at trial, as well as attorney's fees and costs.

## COUNT VII: RETALIATION UNDER TITLE VII, 42 U.S.C. 2000e-3

146. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

147. Plaintiff complained to Defendants SoloFunds and Williams about the discrimination, sexual harassment, and disparate treatment she was enduring in the workplace.

148. Plaintiff's complaint to Defendants SoloFunds and Williams about the discrimination, harassment, and disparate treatment she was experiencing is a protected activity.

149. Shortly after Plaintiff made her complaint to SoloFunds and Williams, she was terminated.

150. Plaintiff's termination was an adverse employment action.

151. Defendants' purported reason(s) for Plaintiff's termination are pre-textual.

152. The proximity in time between Plaintiff's complaint and her termination demonstrates retaliatory intent behind the termination.

153. Defendants violated Title VII by terminating Plaintiff after she complained about discrimination, harassment, and disparate treatment she was experiencing in the workplace.

154. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damages, loss of past and future wages and benefits, emotional distress, embarrassment, degradation, humiliation, and other forms of emotional damages, in an amount to be determined at trial, as well as attorney's fees and costs.

### COUNT VIII: RETALIATION UNDER OHIO REVISED CODE §4112

155. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

156. Plaintiff complained to Defendants SoloFunds and Williams about the discrimination, sexual harassment, and disparate treatment she was experiencing.

157. Plaintiff's complaint to Defendants SoloFunds and Williams about the discrimination, harassment, and disparate treatment she was experiencing is a protected activity.

158. Shortly after Plaintiff made her complaint to SoloFunds and Williams, she was terminated.

159. Plaintiff's termination was an adverse employment action.

160. Defendants' purported reason(s) for Plaintiff's termination was pre-textual.

161. The proximity in time between Plaintiff's complaint and her termination demonstrates retaliatory intent behind the termination.

162. Defendants' adverse employment actions against Plaintiff, including terminating her employment, subsequent to Plaintiff reporting and complaining about the discrimination, hostile work environment, and disparate treatment violated R.C. §4112 *et seq*.

163. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damages, loss of past and future wages and benefits, emotional distress, embarrassment, degradation, humiliation, and other forms of emotional damages, in an amount to be determined at trial, as well as attorney's fees and costs.

### COUNT IX: VIOLATION OF OHIO WAGE LAWS
### R.C. § 4112.02

164. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

165. Pursuant to R.C. §4111.02, every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a of Article II, Ohio Constitution.

166. SoloFunds and Williams are employers.

167. Plaintiff was the employee of SoloFunds and Williams.

168. Defendants violated R.C. §4111.02 by failing to pay Plaintiff compensation earned for all hours worked for Defendants.

169. As a direct and proximate result of Defendants' failure to pay wages, Plaintiff has suffered economic damages in an amount to be determined at trial, as well as interest, penalties, liquidated damages and/or attorney's fees and costs.

### COUNT X:  VIOLATION OF OHIO PROMPT PAY ACT
### R.C. § 4113.15

170. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

171. Plaintiff was not paid by Defendants for any hours worked for Defendants during her employment.

172. Defendants violated R.C. §4113.15 by not paying, and not timely paying, Plaintiff any amount earned and due for her employment with Williams and SoloFunds.

173. As a direct result of Defendants' failure to pay Plaintiff, Plaintiff has suffered economic damages in an amount to be determined at trial, as well as statutory interest, penalties and/or attorney's fees and costs as provided by R.C. §4113.15.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in her favor on all counts set forth herein and relief as follows:

A. Injunctive relief to ensure Defendants compliance with the FLSA, Title VII and Ohio law;

B. Judgment against Defendants for compensatory damages for all unpaid wages (minimum wage and/or overtime) as well as liquidated damages for the past three years based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and interest pursuant to Ohio's wage and hour laws;

C. Judgment against Defendants for two times the amount of back wages and no less than one hundred fifty dollars for each day an anti-retaliation violation continued;

D. Judgment against Defendants for available civil penalties provided by the FLSA, Title VII and/or Ohio law;

E.  Judgment against Defendants for violations of Title VII and corresponding Ohio anti-discrimination, harassment and retaliation, and an award for all economic and non-economic damages, including but not limited to, front pay and benefits; back pay and benefits; and damages for emotional distress, humiliation, and duress;

F.  Judgment against Defendants for punitive damages;

G.  Judgment against Defendants for reasonable attorneys' fees and costs of suit; and

H.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal and state law.


Dated: December 17, 2020

Respectfully submitted,

**/S/ Matthew J. Worth**
Matthew J. Worth (0092729)
STRAUSS TROY CO. LPA
*Attorney for Plaintiff*
150 East Fourth Street, 4th Floor
Cincinnati, OH 45202
(513) 768-9719
FAX: (513) 241-8259
mjworth@strausstroy.com


JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims for relief set forth herein.

/S/ Matthew J. Worth
Matthew J. Worth (0092729)

15044658_1.docx